# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STRIKE 3 HOLDINGS, LLC,** :<br>  **Plaintiff,** :<br>  :<br>  v. :<br>  :<br> **JOHN DOE,** subscriber assigned IP address :<br> 73.165.226.224, :<br>  **Defendant.** :<br>  : | **CIVIL ACTION NO. 19-2732** |

## ORDER

**AND NOW,** this 3rd day of July 2019, upon consideration of Plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference [Doc. No. 2] and for good cause shown, it is hereby **ORDERED** that the Motion is hereby **GRANTED** as follows:

1.  Plaintiff may serve the Internet Service Provider ("ISP") for Internet Protocol ("IP") address 73.165.226.224 with a Rule 45 subpoena commanding the ISP to provide Plaintiff with the true name and address of Defendant John Doe to whom the ISP assigned the IP address at issue. Plaintiff shall attach to any such subpoena a copy of this Order.

2.  Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any related intermediary ISP that is identified in response to a subpoena as a provider of internet services to Defendant John Doe.

3.  Plaintiff shall attach the **Court-Directed Notice Regarding Issuance of Subpoena**, a copy of which is attached to this Order, to the aforementioned Rule 45 subpoena. The Rule 45 subpoena shall instruct the ISP to distribute a copy of said Notice to Defendant within seven days of service of the subpoena.

2

    4.       With respect to any ISP that qualifies as a "cable operator" as defined by 47 U.S.C. § 522(5), this ruling further authorizes disclosure of information pursuant to 47 U.S.C. § 551(c)(2)(B).

    5.       Any future notices to Defendant in this case must be approved by the Court.

    6.       Plaintiff may use the information disclosed in response to a Rule 45 subpoena solely for the purpose of protecting Plaintiff's rights as set forth in its Complaint.

It is so **ORDERED**.

                                               **BY THE COURT:**

                                               **/s/ Cynthia M. Rufe**

                                               _____

                                               **CYNTHIA M. RUFE, J.**

## COURT-DIRECTED NOTICE
## REGARDING ISSUANCE OF SUBPOENA

A subpoena has been issued directing Comcast Cable, your Internet Service Provider ("ISP"), to disclose your name. The subpoena has been issued because you have been sued in the United States District Court for the Eastern District of Pennsylvania in Philadelphia, PA, as a "John Doe" by Strike 3 Holdings, LLC ("Plaintiff"). You have been sued for using the Internet and the BitTorrent protocol to infringe copyrights. The Plaintiff has identified you only as a "John Doe" and has served a subpoena on your ISP to learn your identity. This notice is intended to inform you of some of your rights and options.

### YOUR NAME HAS NOT YET BEEN DISCLOSED.
### YOUR NAME WILL BE DISCLOSED IN 21 DAYS IF YOU DO NOT CHALLENGE THE SUBPOENA.

Your name has not yet been disclosed. The Plaintiff has given the Court enough information about your alleged infringement to obtain a subpoena to identify you, but the Court has not decided whether you are liable for infringement. You can challenge the subpoena in Court. You have twenty-one days from the date of this notice to file a motion to quash or vacate the subpoena. If you file a motion to quash the subpoena, your identity will not be disclosed until the motion is resolved (and the Plaintiff cannot proceed against you until you are identified). The Resource List below can assist you in locating an attorney to help you determine how to respond to the subpoena. If you do not file a motion to quash at the end of the 21-day period, your ISP will send the Plaintiff your identification information.

### OTHER ISSUES REGARDING THE LAWSUIT AGAINST YOU

Once you are named as a defendant, the Plaintiff must establish jurisdiction over you in Pennsylvania to maintain a lawsuit against you in the District Court in Philadelphia. If you do not live or work in Pennsylvania, or visit the state regularly, you may be able to challenge the Pennsylvania court's jurisdiction over you. If your challenge is successful, the case in Philadelphia will be dismissed, but the Plaintiff may be able to file against you in another state where there is jurisdiction.

### RESOURCE LIST

The organizations listed below provide guidance on how to find an attorney. If you live in or near Pennsylvania or Philadelphia, the second and third listings below provide referrals for local attorneys. If you need a lawyer in a state other than Pennsylvania, you may contact that state's bar association.

American Bar Association - http://www.abanet.org.

Pennsylvania Bar Association - www.pabar.org; Lawyer referral service - (800) 692-7375 or (717) 238-6807.

Philadelphia Bar Association - www.philabar.org; Lawyer referral service - (215) 238-6333